UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY CLEMONS,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>    Defendant. | Case No. CV 09-08197-JEM<br><br>MEMORANDUM OPINION AND ORDER REVERSING DECISION OF COMMISSIONER AND REMANDING FOR FURTHER PROCEEDINGS |

**PROCEEDINGS**

On November 10, 2009, Larry Clemons ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Social Security Supplemental Security Income ("SSI") benefits. The Commissioner filed an Answer on May 26, 2010. On July 6, 2010, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before the Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision should be reversed and the case remanded for further proceedings in accordance with law and with this Memorandum Opinion and Order.

## BACKGROUND

Plaintiff is a 66 year old male who was found to have the medically determinable severe impairments of low back pain, cervical spine pain, and Vicodin addiction. (AR 20.) On April 28, 2008, Plaintiff filed an application for SSI alleging disability beginning May 20, 2006. (AR 18.)

Plaintiff's claim for SSI benefits was denied initially on July 24, 2008. (AR 18.) Plaintiff filed a written request for hearing (AR 18), which was held before Administrative Law Judge ("ALJ") David Agatstein on June 30, 2009, in Los Angeles, California. (AR 18-28.) Claimant appeared and testified without representation. (AR 18.) Medical expert David Peterson and vocational expert Sandra Schneider also appeared and testified. (AR 18.) Medical expert Arthur Brovender testified via telephone. (AR 18.)

The ALJ issued an unfavorable decision on July 10, 2009. (AR 18-28.) The Appeals Council denied review on September 29, 2009. (AR 1-3.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, the only disputed issue that Plaintiff raises as a ground for reversal is as follows:

1. Whether the ALJ properly considered Dr. Siebold's AME opinion.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "'more than a mere scintilla'. . . but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotations and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).

Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r, 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in Appendix I of the regulations. Id. If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC").[1] 20 C.F.R. § 416.920(e). The RFC must consider all of the claimant's impairments,

---

[1] Residual functional capacity ("RFC") is what one "can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

3

including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p. If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

**THE ALJ DECISION**

The ALJ determined at step three of the sequential inquiry that none of Plaintiff's impairments meet or equal a listed impairment. (AR 24.) At step four, the ALJ determined that Plaintiff has the residual functional capacity to perform "less than the full range of medium work" or "a limited range of medium work." (AR 24.) The ALJ's RFC indicated that Claimant can lift and carry up to 50 pounds occasionally and 25 pounds frequently, "can bend, stoop or squat on an occasional basis," and is "precluded from climbing." (AR 24.) The ALJ discounted Plaintiff's credibility (AR 25-27), a finding he does not challenge here.

Based on the above RFC, the ALJ determined that Plaintiff could perform his past relevant work as a truck driver, janitor or golf club assembler, both as actually performed and as generally performed in the national economy. (AR 28.) Thus, the ALJ concluded that Claimant was not disabled within the meaning of the Social Security Act. (AR 28.)

**DISCUSSION**

Plaintiff asserts that the ALJ rejected the opinion of the examining Agreed Medical Examiner ("AME") Dr. Siebold without specific, legitimate reasons supported by substantial evidence. Dr. Siebold opined that Plaintiff is limited to "no heavy lifting" and "no repetitive

stooping and bending of the lumbar spine." (AR 323.)  These restrictions, says Plaintiff, limit him to light work which is inconsistent with his past relevant medium level work as a truck driver and janitor.  He further contends that his short stint as a golf club assembler does not qualify as substantial gainful activity.  As a result, he claims he must be found disabled.

The Court need not resolve Plaintiff's contentions.  The record is ambiguous and the ALJ failed to develop the record adequately or explain the proper import of Dr. Siebold's opinion, Plaintiff's ability to perform past relevant medium level work, and whether the golf club assembler job constituted substantial gainful activity.

### A.    The ALJ's Duty To Develop The Record

In Social Security cases, the ALJ has a special, independent duty to develop the record fully and fairly and to assure that the claimant's interests are considered.  Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001); Smolen, 80 F.3d 1273, 1288 (9th Cir. 1996).  Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983).  The ALJ has a basic duty to inform himself about facts relevant to his decision.  Heckler v. Campbell, 461 U.S. 458, 471 n.1 (1983) (Brennan, J., concurring).  The ALJ's duty to develop the record exists even when the claimant is represented by counsel.  Tonapetyan, 242 F.3d at 1150.  The ALJ's duty is heightened when the claimant is unrepresented (as is the case here) or mentally ill.  Id.

Ambiguous evidence or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence triggers the ALJ's duty to conduct an appropriate inquiry.  Smolen, 80 F.3d at 1288; Tonapetyan, 242 F.3d at 1150.  The ALJ may discharge this duty by subpoenaing the claimant's physicians, submitting questions to them, continuing the hearing or keeping the record open after the hearing to allow supplementation of the record.  Smolen, 80 F.3d at 1288; Tonapetyan, 242 F.3d at 1150.

### B. Dr. Siebold's Opinion

Plaintiff injured his back, first in 2003 and again in 2006. (AR 279, 264.) Dr. Siebold was retained in Plaintiff's workers' compensation case as an AME pursuant to California Labor Code Section 5703 to resolve disputed questions of medical fact. Dr. Siebold's report was prepared in his capacity as an AME in Plaintiff's state court workers' compensation proceeding. Dr. Siebold, an orthopedist, examined Claimant four times in 2007, 2008 and 2009; his thorough reports review Plaintiff's medical history in great detail. (AR 263-329, 330-34, 335-40, 390-400.) Dr. Siebold indicated that x-rays revealed multilevel disease and multilevel degeneration of the spine. (AR 323, 338.) Dr. Siebold specified functional work restrictions for the low back of "no heavy lifting" and "no repetitive stooping and bending of the lumbar spine." (AR 323.) Dr. Siebold, however, did not expressly state that Plaintiff could perform medium work or less than the full range of medium work or a limited range of medium work. Nor did he explicitly state that Plaintiff was limited to light work only. Nor did he ever specify the amount of weight Plaintiff could lift.

Dr. Siebold, of course, had no reason to use Social Security terminology in a state workers' compensation proceeding. Terms of art used in California workers' compensation proceedings are not equivalent to Social Security disability terminology. Desrosiers v. Secretary of Health & Human Services, 846 F.2d 573, 576 (9th Cir. 1988); Macri v. Chater, 93 F.3d 530, 544 (9th Cir. 1996); Booth v. Barnhart, 181 F. Supp. 2d 1099, 1104 (C.D. Cal. 2002). Under California workers' compensation guidelines, work capacity is not based on strength but on whether a claimant sits, stands or walks most of the day. Desrosiers, 846 F.2d at 576; Booth, 181 F. Supp. 2d at 1104-05. The categories of work under the Social Security Act "are measured quite differently. They are differentiated primarily in step increases in lifting capacities." Desrosiers, 846 F.2d at 576.

Nonetheless, an ALJ may not ignore a physician's medical opinion from a workers' compensation proceeding. Booth, 181 F. Supp. 2d at 1105. The ALJ must "translate" terms of art contained in worker's compensation medical reports and opinions into corresponding

Social Security terminology in order to assess that evidence for Social Security disability determinations. Id. at 1106. "Although the California Guidelines for Work Capacity are not conclusive in a Social Security case, the ALJ is entitled to draw inferences logically flowing from the evidence." Macri, 93 F.3d at 544. The ALJ, however, must explain the basis for any material inference the ALJ has drawn from those opinions so that meaningful judicial review will be facilitated. Booth, 181 F. Supp. 2d at 1106.

In this case, the ALJ interpreted Dr. Siebold's restrictions to "no heavy lifting" and "no repetitive stooping and bending of the lumbar spine" to be consistent with the ALJ's RFC of a limited range of medium work. (AR 24, 27.) The ALJ stated that Dr. Siebold's opinion was consistent with the opinions of non-examining physicians Dr. Wilson and Dr. Brovender, both of whom opined that Plaintiff could lift up to 50 pounds occasionally and 25 pounds frequently. (AR 27, 36-37, 342-43.) The ALJ plainly did not think he rejected the opinion of Dr. Siebold.

Plaintiff, however, interprets Dr. Siebold's opinion quite differently. He asserts that the ALJ incorrectly "translated" Dr. Siebold's opinion. Plaintiff believes that Dr. Siebold's opinion precludes all medium work, even a reduced range of medium work. Plaintiff asserts that he is capable of only light work which would preclude his past relevant medium level work as a truck driver and janitor. Plaintiff asserts that the ALJ, in effect, improperly rejected Dr. Siebold's opinion in favor of two non-examining, non-treating physicians. The opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of an examining physician unless it is consistent with other independent medical evidence of record. Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1995).

Plaintiff's position is not without legal basis. California's Guidelines for Work Capacity contain workers' compensation disability ratings that include a category (d) labeled "Disability Precluding Heavy Lifting, Repeated Bending and Stooping." See Glass v. Workers' Comp. Appeals Board, 105 Cal. App. 3d 297, 302 n.1 (1980). This category (d) corresponds to Dr.

Siebold's limitations of "no heavy lifting" and " no repetitive bending and stooping of the lumbar spine." Category (d) "contemplates that the individual has lost approximately half of his pre-injury capacity for lifting, bending and stooping." Id. Several cases in this Circuit have "translated" workers' compensation medical opinions applying the Guidelines into Social Security exertional categories. See Macri, 93 F.3d at 544 (ALJ inferred that, if Claimant had been lifting up to 40 pounds prior to injury, under category (d) of the Guidelines he now could lift 20 pounds, consistent with light work); Desrosiers, 846 F.2d at 576 (treating physician's determination that Claimant could perform only sedentary work not contradicted by workers' compensation evaluations that precluded heavy work); Booth, 181 F. Supp. 2d at 1109 (ALJ did not adequately translate workers' compensation medical opinion into Social Security terms); Carpenter v. Apfel, 2000 WL 973681, *3-4 (N.D. Cal. 2000) (translating AME opinion that Plaintiff lost some capacity for lifting); Payan v. Chater, 959 F. Supp. 1197, 1203 (C.D. Cal. 1996) (reasonable for ALJ to infer that, where Plaintiff could lift 100 pounds before injury, his preclusion from heavy lifting would mean he now could lift 50 pounds, consistent with medium work). The Commissioner argues that the Guidelines are not controlling, but the ALJ relied on Dr. Siebold's opinion, which required adequate "translation," and the case law makes clear that workers' compensation medical opinions cannot be disregarded. Booth, 181 F. Supp. 2d at 1105.

In this case, Plaintiff points to the job analysis section of Dr. Siebold's report. (AR 266.) Plaintiff's prior work involved frequent bending and lifting, frequent lifting up to 10 pounds, occasional lifting over 50 pounds, and seldom lifting up to 150 pounds. (AR 266.) Under category (d), Plaintiff argues that he now is limited to lifting 5 pounds frequently, 25 pounds occasionally, and 75 pounds seldom. This would preclude Plaintiff from medium work, which involves lifting no more than 50 pounds with frequent lifting of 25 pounds. 20 C.F.R. § 416.967(c). In effect, Plaintiff is challenging the accuracy of ALJ's RFC because it is based on an alleged misinterpretation of Dr. Siebold's opinion.

Dr. Siebold's description of Plaintiff's past work, however, referred to his job as Maintenance Worker for Adecco (AR 266), not the jobs of truck driver and janitor specified by the vocational expert. The Commissioner notes that Plaintiff completed a disability report indicating that in his truck driver job he frequently lifted 50 pounds with a maximum or seldom weight of 100 pounds or more. Category (d) would permit medium work, says the Commissioner. This is evidence, of course, that the ALJ did not cite and cannot be considered here. Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003). No evidence was cited as to the lifting requirements of his janitor job.

The ALJ plainly erred. He did not adequately "translate" Dr. Siebold's opinion into Social Security terms. Booth, 181 F. Supp. 2d at 1099. The ALJ did not develop the record sufficiently on the actual lifting requirements of Plaintiff's truck driver and janitor jobs, asking no questions of Plaintiff at the hearing. He did not explain the basis of his interpretation of Dr. Siebold's opinion. The ALJ provides no facts or reasons for his inference that Dr. Siebold's opinion is consistent with that of Dr. Wilson and Dr. Brovender. The ALJ's inference is unsupported by substantial evidence or any evidence. There is no indication what consideration the ALJ gave to the definitional differences between the California workers' compensation system and the Social Security Act. Desrosiers, 846 F.2d at 576; Payan v. Chater, 959 F. Supp. 1197, 1202 (C.D. Cal. 1996) ("the ALJ had not adequately considered definitional differences" in Desrosiers). There is no basis for independent judicial review of the correctness of the ALJ's characterization of Dr. Siebold's opinion.

The Commissioner attempts to sidestep the extensive report of Dr. Siebold by relying on the non-examining opinions of Dr. Brovender and Dr. Wilson. These non-examining opinions, however, are, standing alone, not substantial evidence and cannot be used to reject Dr. Siebold's opinion. Lester, 81 F.3d at 830-31. The Commissioner argues that the opinions of Dr. Brovender and Dr. Wilson are substantial evidence because they are consistent with other medical evidence. Yet no other physicians assessed Plaintiff's lifting capacity; the only examining physician to do so recently was Dr. Siebold. Much of the

evidence presented by the Commissioner was not cited by the ALJ and thus cannot be considered. Connett, supra. The ALJ, after all, did not believe he was rejecting Dr. Siebold's opinion. The Commissioner's citation of other evidence is also selective, failing to mention contrary evidence in Dr. Siebold's reports such as x-rays, positive MRIs and EMG nerve studies. (AR 337.) Also, it is not the province of either the Commissioner or the Plaintiff to interpret or "translate" Dr. Siebold's opinion. That is the ALJ's responsibility.

The record here is simply too ambiguous to permit independent and intelligent judicial review of either the ALJ's RFC or his conclusions that Plaintiff can perform his past relevant work as a truck driver or janitor. The ALJ failed to develop the record properly.

### C. The ALJ's Past Relevant Work Determination Appears To Conflict With His RFC

The ALJ concluded that Claimant can perform his past relevant work as a truck driver and a janitor, both as actually performed and generally performed in the national economy. (AR 28.) The Court does not understand the ALJ's decision.

The vocational expert ("VE") Sandra Schneider testified that the truck driver and janitor jobs were medium exertional level work. (AR 27-28.) This is consistent with the job requirements specified in the Dictionary of Occupational Titles ("DICOT") for the truck driver (905.663-014) and janitor (381.687-018) jobs. The ALJ's RFC, however, is that Plaintiff can perform less than the full range of medium work with restrictions of no climbing and occasional stooping. (AR 24.)

The truck driver position generally requires occasional climbing which is precluded by the RFC. See DICOT 905.663-014. The janitor position generally requires occasional climbing and frequent stooping, both precluded by the RFC. See DICOT 381.687-018.

Neither the VE nor the ALJ explains the inconsistency between the DICOT job requirements and the Plaintiff's assessed RFC limitations. Nor do they provide any facts or reasons why Plaintiff can perform the two specified past medium level jobs at less than full medium exertion, or as actually performed. Plaintiff bears the burden of proof that he cannot perform his Past Relevant Work ("PRW"). Pinto, 249 F.3d at 844. The ALJ nonetheless has a duty to make the requisite factual findings to support his PRW conclusions. Id. The ALJ's

PRW determination is contradictory on its face and lacks appropriate findings. Once again, the record is ambiguous. The ALJ failed to develop the record properly.

### D. The Golf Club Assembler Job

If Plaintiff is correct that he cannot perform any medium level work, then the golf club assembler job may be critical to the outcome of this case. Plaintiff contends that he is capable only of light work. It is undisputed that the golf club assembler job is light work. (AR 27.) Plaintiff, however, asserts that Plaintiff's golf club assembler job does not qualify as substantial gainful activity ("SGA"). Once again, the record is ambiguous and undeveloped.

There is no doubt that Plaintiff worked as golf club assembler and was paid for it. The VE had Plaintiff confirm this employment at the hearing. (AR 41.) SGA, however, requires earnings above $700 per month (as of the year 2000) adjusted for national wage growth. 20 C.F.R. § 416.974 (b)(2)-(3). In his work history report, Plaintiff states that he performed his golf club assembler job from January 2005 through March 2005, only 3 months. (AR 136.) His earnings history indicates that his total income from this job was but $319.94. (AR 97.)

The ALJ decision never addressed the SGA issue. Neither did the VE at the hearing. There was no inquiry of Plaintiff at the hearing by ALJ or the VE as to why Plaintiff ceased performing that job, or how much he earned. The Commissioner in his portion of the Joint Stipulation never responds directly to Plaintiff's assertion that his golf club assembler position does not qualify as SGA.

The ALJ plainly failed to develop the record on whether the golf club assembler job qualifies as SGA. On remand, the ALJ will need to address the SGA issue directly.

///
///
///
///
///
///

**ORDER**

IT IS HEREBY ORDERED that the Decision of the Commissioner of Social Security is reversed and this case is remanded for further proceedings in accordance with law and with this Memorandum Opinion and Order.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: December 14, 2010

*/s/ John E. McDermott*
JOHN E. MCDERMOTT
UNITED STATES MAGISTRATE JUDGE